**NATIONAL SOLID WASTES MANAGEMENT ASSOCIATION,**
Plaintiff–Appellee

v.

**DAVIESS COUNTY, KENTUCKY,**
Defendant–Appellant.

No. 04–6498.

United States Court of Appeals,
Sixth Circuit.

March 30, 2006.

Dennis J. Conniff, Sheryl G. Snyder, Amy D. Cubbage, Frost, Brown & Todd, Louisville, KY, for Plaintiff–Appellee.

---

Allen W. Holbrook, Bryan R. Reynolds, Sullivan, Mountjoy, Stainback & Miller, Robert M. Kirtley, Owensboro, KY, for Defendant–Appellant.

Michael J. Cahill, Germano & Cahill, Holbrook, NY, for Amicus Curiae.

Before: CLAY and COOK, Circuit Judges; COOK, District Judge *.

CLAY, Circuit Judge, concurring in the denial of the petition for rehearing.

This matter comes before the court upon the petition of appellant Daviess County for rehearing of the decision of January 24, 2006, affirming the judgment of the district court. Upon consideration the petition is hereby denied.

The unanimous opinion in this case makes unmistakably clear that Plaintiff established prudential standing under the Commerce Clause by alleging that the Ordinance would impair the right of its members to contract with out-of-state waste disposal providers. There simply is no ambiguity, misstatement, or oversight in this aspect of the opinion that would warrant the grant of the petition for rehearing.

The dissent to the denial of the petition for rehearing seems to believe that the Court should have expanded its analysis under prudential standing by examining whether out-of-state waste disposal providers charged lower prices, so as to establish downward price pressure on the in-state waste disposal market. In taking up such a position, the dissent conflates the separate and distinct inquiries under constitutional and prudential standing. While its exact position is somewhat unclear, the dissent seems to assert that the "zone of interest" protected by the dormant Commerce Clause includes a party's ability to contract with out-of-state parties, but only when such contracting would lead to downward price pressure in the state. As the panel opinion amply demonstrates, this position is incorrect. The Commerce Clause prevents a state from erecting barriers to access to that state's markets, regardless of price pressure:

> Our system, fostered by the Commerce Clause, is that every farmer and craftsmen shall be encouraged to produce by the certainty that he will have free access to every market in the Nation, that no home embargoes will withhold his exports, and no foreign state will by customs duties or regulations exclude them.

*H.P. Hood & Sons v. Du Mond,* 336 U.S. 525, 539, 69 S.Ct. 657, 93 L.Ed. 865 (1949). Nothing in the Constitution or Supreme Court jurisprudence remotely lends support to the notion that state regulation of commerce is impermissible, except when competition with other states would not lead to lower in-state prices. The focus is on discrimination against or burdens upon out-of-state goods or services: "We have interpreted the Commerce Clause to invalidate local laws that impose commercial barriers or discriminate against an article of commerce by reason of its origin or destination out of State." *C & A Carbone, Inc. v. Town of Clarkstown,* 511 U.S. 383, 390, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994). *See also Individuals for Responsible Gov't, Inc. v. Washoe County,* 110 F.3d 699, 703 (9th Cir.1997) ("The chief purpose underlying that Clause is to limit the power of the States to erect barriers against interstate trade." (internal quotation marks and citation omitted).) The zone of

---

* The Honorable Julian Abele Cook, United States District Judge for the Eastern District of Michigan, sitting by designation.

interest of the dormant Commerce Clause is the prevention of state regulation of commerce, and this includes a state regulation that disallows an in-state party from contracting with out-of-state parties.

Indeed, in *Huish Detergents*, this Court, in its discussion of prudential standing, focused on the right to contract with out-of-state parties in general, not the right to contract with out-of-state parties that offer lower prices:

> Huish argues that it meets this [prudential] standing requirement because it has pleaded an injury that falls within the zone of interests protected by the Commerce Clause, and we agree. Huish seeks to protect its right to contract with a company that can transport its waste for out-of-state processing and/or disposal. In making this claim, Huish is asserting its individual right as a consumer to purchase waste processing and disposal services across State boundaries, an interest that falls squarely within the zone of interests protected by the Commerce Clause. The Clause protects not only producers, but also consumers like Huish who may look to the free competition from every producing area in the Nation to protect [it] from exploitation by any.

*Huish Detergents, Inc. v. Warren County*, 214 F.3d 707, 710 (6th Cir.2000) (second alteration in the original) (quotation marks and citation omitted). Not a single time did this Court mention "lower prices" or "price pressure" in discussing prudential

standing, and for good reason; these concepts are relevant to constitutional standing, *i.e.*, whether a party suffers from an injury in fact, but they are irrelevant to prudential standing. Quite appropriately, the *Huish* panel discussed lower prices in its analysis on constitutional standing and the ability to contract with out-of-state providers in its analysis of prudential standing, a structure that is echoed in the opinion in the instant case.

Of course, the Court must look at the same injury when determining whether a party has constitutional and prudential standing. For example, this Court could not assert jurisdiction over a claim where a party bases its constitutional standing on Injury 1 but its prudential standing on Injury 2.[1] The point is that when the Court examines a party's injury, the Court looks to *different facets* of that injury in analyzing constitutional and prudential standing. In this case, Plaintiff claims that its members who collect waste within Daviess County would be disallowed by the Ordinance from contracting with lower price out-of-state waste disposal providers. The fact that these members are forced to pay higher prices demonstrates constitutional standing, while the fact that the regulation prevents contracting with out-of-state parties demonstrates prudential standing under the Commerce Clause. The dissent's assertion that the prudential standing analysis somehow envelopes the injury in

---

1. Thus, under the analysis of the panel opinion, standing would *not* be conferred under the hypothetical, posited by the dissent, of a similar ordinance in a county in the middle of Texas. There, constitutional and prudential standing derive from different sources: constitutional standing is based on the inability to contract with lower price in-state but out-of-county waste disposal providers, whereas prudential standing is based on the inability to contract with out-of-state waste disposal pro-

viders. These are not different facets of the same injury but different injuries altogether. Here, Plaintiff alleges the same underlying injury for both constitutional standing and prudential standing: the inability to contract with lower price out-of-state waste disposal providers. The dissent's belief that the panel opinion's analysis would find constitutional and prudential standing under the hypothetical is a misapprehension.

fact requirement of constitutional standing plainly misses the mark.

COOK, Circuit Judge, dissenting from the denial of rehearing.

I respectfully dissent from the panel's decision to deny rehearing in this case. The Petition for Rehearing presented the first briefing to this panel on the issue of prudential standing. Prompted by that petition, I believe that we should "amend or supplement the original opinion to eliminate an ambiguity or correct a misstatement." SIXTH CIRCUIT FEDERAL PRACTICE MANUAL 141 (2d ed.1999).

Under the "zone of interests" prudential standing requirement, "a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Bennett v. Spear,* 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). That *same* grievance—or, as it is described later in *Bennett,* "the injury [the plaintiff] complains of," *Id.* at 176, 117 S.Ct. 1154 (citation and quotation marks removed)—provides the basis for Article III standing, and must satisfy the minimum standards of injury in fact, traceability, and redressibility. *Id.* at 167, 117 S.Ct. 1154 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). An "injury in fact [is] an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.*

I would amend the opinion to clarify that the injury in this case that falls within the dormant Commerce Clause's "zone of interests" is not the mere impediment of "[NSWMA's] right to contract with an out-of-state waste disposal provider," as the panel suggests. *Opinion,* p. 649. Stated as such, the injury would not satisfy the *Article III* requirements that a plaintiff's injury be "concrete and particularized," "actual or imminent," and "not conjectural or hypothetical." *Bennett,* 520 U.S. at 167, 117 S.Ct. 1154. NSWMA has not alleged that any of its members have actually contracted with out-of-state disposal providers. The impediment of the ability of NSWMA's members to do so in the future *per se* is too attenuated to meet the constitutional standard.

We should explain instead that NSWMA has articulated a sufficiently immediate interest to satisfy both the prudential and constitutional requirements by alleging that competition between in-state and out-of-state waste disposal providers confers a *current* benefit (in the form of downward price pressure) on in-state waste collectors, particularly those that operate in a border county like Daviess. In *Huish Detergents Inc. v. Warren County,* we recognized the Constitutional value of that benefit, holding that the Commerce Clause protects the right of "consumers ... '[to] look to the free competition from every producing area in the Nation to protect [it] from exploitation by any.'" 214 F.3d 707, 711 (6th Cir.2000) (quoting *Dennis v. Higgins,* 498 U.S. 439, 450, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991)). Here, NSWMA alleged that the Ordinance prevents NSWMA waste collectors who collect waste within Daviess County—including Republic, which does both waste collection and disposal—from accessing the services offered by out-of-state waste disposal providers. The option of "look[ing] to" such out-of-state providers (on which the opinion focuses) is only constitutionally relevant because such out-of-state providers compete in what would be a multi-state market but for the Ordinance.[1] Because

---

1. The concurrence contends that we need only look to *"different facets"* of NSWMA's

the Ordinance grants the Daviess County Landfill and Transfer Station a monopoly in that multi-state market, it creates a grievance that is sufficiently actual and immediate to satisfy both the prudential and constitutional requirements for standing.

I concur with the opinion in all other respects.

injuries. I take its point to be that if we describe NSWMA's injury simply as the inability to dump outside of Daviess County, then the injury-in-fact requirement would be met by the loss of cheaper in-state options, and the zone-of-interests requirement would be met by the loss of the opportunity to contract with out-of-state providers—regardless of whether that lost opportunity contributed to the plaintiff's injury-in-fact. Such a theory would require us to uphold standing in a case where a similar ordinance were imposed on a county in the very middle of Texas, even if the waste collectors there would never consider transporting the county's trash out-of-state (and thus only in-state disposal service pro-

viders would compete for the county's trash). I think it would be imprudent to uphold standing in that case, because I cannot see how such collectors would be injured by the inability to dump out-of-state. I do not see what stake such collectors would have in the court's determination of whether the ordinance impermissibly restricted interstate commerce, and thus I cannot see how they would be proper parties to pursue a claim that it did.